IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESMERALDA SANTOS O/B/O N.V., A MINOR,<br>   Plaintiff,<br><br>v.<br><br>KILOLO KIZAKAZI,<br>Acting Commissioner of Social Security<br>   Defendant. | :<br>:<br>:<br>:<br>:<br>:  Civil No. 5:22-cv-05161-JMG<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                    September 25, 2023

      Plaintiff Esmeralda Santos seeks judicial review, on behalf of her minor child ("N.V."), of the final administrative decision of the Commissioner of Social Security ("Commissioner"). Plaintiff asserts that the Commissioner erred as a matter of law in denying her claim for Supplemental Security Income ("SSI") benefits. Plaintiff further contends that the Commissioner's decision was not based on substantial evidence as required under 42 U.S.C. 405(g) and 1383(c). However, after a review of the record and in consideration of the legal standard applied on this appeal, we find that substantial evidence supported the Administrative Law Judge's (ALJ) findings in this case.

      For the following reasons, this Court affirms the ALJ's decision that N.V. is not disabled for the purposes of receiving SSI benefits.

I.     FACTUAL BACKGROUND

On June 24, 2020, Plaintiff applied for SSI benefits for her minor child, N.V. under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Tr., ECF No. 9 at 16. N.V. was born on February 4, 2008, which means that at the time of the application, N.V. was twelve years old. *Id.* at 577.

Claimant has a history of attention deficit hyperactivity disorder which was diagnosed in 2014/2015, as well as oppositional defiant disorder. *Id.* at 90, 690, 883, 898. The impairments were treated with medication management and weekly counseling at school. *Id.* at 28. Between January 2018 and September 2020, N.V. was treated at Teamcare Behavioral Health. *Id.* at 586-638. In February 2020, N.V. was placed on an individual education plan (IEP) which kept N.V. in a regular classroom setting but included learning support. *Id.* at 670, 791. In September 2021, Dr. Jeffrey Hermann diagnosed N.V. with oppositional defiant disorder, ADHD- combined type, bipolar disorder, and disruptive mood dysregulation disorder. *Id.* In May 2021, the Commissioner requested that N.V. attend a psychological consultive examination. *Id.* at 792.

The claim was denied at the initial level on October 15, 2020, and upon reconsideration on May 19, 2021. *Id.* at 16.  It was further denied again after a telephonic hearing on October 5, 2021. *Id.* Plaintiff subsequently filed a request for review of the ALJ decision with the Appeals Council. This was also denied. On March 27, 2023, Plaintiff filed an initial brief in support of their request for review. Pl. Brief, ECF No. 10. Defendant Kizakazi filed their Response to Request for Review on April 26, 2023. Def. Res., ECF No. 11.

II.    LEGAL STANDARD

The district court has jurisdiction pursuant to 42 U.S.C. § 405(g). Plaintiff has exhausted all administrative remedies and as a result, this matter is before this court for review under 42 U.S.C. § 405(g). Any individual, after any final decision of the Commissioner of Social Security

made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides. 42 U.S.C. § 405(g). The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. *Id.*

The court may not independently weigh the evidence or substitute its own conclusions for those reached by the ALJ. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 359 (3d Cir. 2011). Instead, our review of the Commissioner's final decision is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *Newell v. Commissioner of Social Security,* 347 F.3d 541, 545 (3d. Cir. 2003); *see also* 42 U.S.C. § 405(g). Substantial evidence is not a considerably large amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). It is "more than a mere scintilla of evidence but may be less than a preponderance." *Newell v. Commissioner of Social Security*, 347 F.3d 541, 545 (3d. Cir. 2003) *quoting, Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999).

The question before this Court, therefore, is not whether the claimant is disabled, but instead whether the Commissioner's finding that N.V. is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Wright v. Sullivan,* 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary).

### III. DISCUSSION

**A. There is Substantial Evidence to Support the ALJ's Finding that N.V. Did Not Have a Marked or Extreme Limitation in the Domain Related to Social Interaction.**

Plaintiff contends that the ALJ erred in determining that N.V. had a less than marked limitation in the domain of interacting and relating with others. ECF No. 10 at 7-10. The court finds that there is substantial evidence to support the ALJ's findings.

Under federal regulations "an individual under the age of 18 shall be considered disabled…if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

Currently, federal regulations outline a three-step sequential analysis in order to determine childhood disability. 20 C.F.R. § 416.924(a). This analysis requires the following inquiry: 1) whether the child is presently engaged in substantially gainful activity. If so, then the claimant is not disabled, and the evaluation ends; otherwise, it proceeds to step two 2) the ALJ must then determine whether the child has a medically determinable "severe" impairment or combination of impairments. If so, the claimants evaluation proceeds to step three 3) and whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of an impairment in the listed Appendix. *Id.*

If the claimant's impairment or combination of impairments satisfies all requirements and has lasted or is expected to last for a continuous period of 12 months, the claimant is disabled. 42 U.S.C. § 416.924(d)(1). Should the child's impairment(s) not meet the duration requirement, or

does not meet, medically equal, or functionally equal the listings, the Commissioner will not find them disabled. 20 C.F.R. § 416.924(d)(2).

An impairment meets a listed condition "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." *Robinson v. Sullivan*, 733 F. Supp. 989, 992 (E.D. Pa. 1990). Under current regulations, an impairment causes "marked and severe functional limitations" if it meets or medically equals the severity of a set of criteria for an impairment in the listings, or if it functionally equals the listings. 20 C.F.R. § 416.924(d)(1). A "marked" limitation is one that "interferes seriously with your ability to independently initiate, sustain, or complete activities". 20 C.F.R. § 416.926(a)(e)(2)(i). A "severe" limitation on the other hand is one that "interferes very seriously with your ability to independently initiate, sustain, or complete activities". 20 C.F.R. § 416.926(a)(e)(3)(i).

The six areas in which the child may demonstrate "marked" or "extreme" limitations are: 1) acquiring and using information 2) attending and completing tasks 3) interacting and relating with others 4) moving about and manipulating objects 5) caring for oneself 6) health and physical well-being. 20 C.F.R. § 416.426(a)(b)(1)(i)-(vi). A child's impairment functionally equals a listed impairment and, thus, constitutes a disability, if the child's limitations are "marked" in at least two of the six domains noted, or is "extreme" in at least one of the six domains. *Pizarro v. Colvin*, 208 F.3d 669, 673 (E.D. Pa. 2016); *see also* 20 C.F.R. § 416.926(a)(d).

When evaluating a disability claim, the ALJ must proceed through the three-step process and state the reasons on which their conclusions are based. *Cotter v. Harris*, 642 F.2d 700, 710 (3d Cir. 1981). There is no particular language or format requirement for an ALJ, however they must "sufficiently develop the record and explain the findings made so as to permit meaningful judicial

review". *Pizarro v. Colvin*, 208 F.3d 669, 673 (E.D. Pa. 2016) (*quoting, Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004)).

In this case the ALJ applied the three-step sequential evaluation process. First and foremost, the ALJ found that N.V. had not engaged in any substantial gainful activity. ECF No. 9 at 17. The ALJ then found at step two, that N.V. had multiple severe impairments. *Id.* These included attention-deficit/hyperactivity disorder, major depressive disorder, oppositional defiant disorder, and a specific learning disability, as well as some non-severe physical impairments. *Id.* Finally, at step three, the ALJ determined that N.V.'s impairments did not meet, medically equal, or functionally equal the criteria of any of the listed impairments in 20 C.F.R. 416.924, 20 C.F.R. 416.924, or 20 C.F.R. 416.926. *Id.* at 17-31. These findings were affirmed throughout the administrative appeal process.

According to the November 2020 and May 2021 treatment plans, N.V. had problems managing emotions which resulted in "yelling, screaming, and having large anger outbursts." *Id.* at 22. However, the ALJ discussed the May 2021 consultative child mental status examination, in which the examiner, Stacy Trogner, Psy.D., noted that N.V. was "cooperative and respectful when acknowledging her behavioral difficulties and had an appropriate manner of relating overall with others." *Id.* at 23. This examination further indicated "age appropriate expressive and receptive language, an ability to engage in adequate reciprocal conversation, coherent and goal directed thought processes with no evidence of hallucinations, delusions or paranoia, clear sensorium, intact orientation, mildly impaired attention and concentration due to problems with mathematics, but intact recent and remote memory, fair judgment and insight, and average cognitive functioning with a general fund of information that is appropriate to experience." *Id.* Additionally, the ALJ

noted that the September 2021 treatment plan included evidence that N.V. liked her teachers and had "some friends" and was not having anger problems at school. *Id.*

Furthermore, the ALJ considered N.V.'s IEP which indicated that N.V. "has grade appropriate social skills and peer relationships" *Id.* at 664. The ALJ also included evidence from the IEP that N.V. did not exhibit behaviors which would impede either her learning or the learning of her peers. *Id.* at 28, 659.

The ALJ also noted some inconsistencies in Plaintiff's statements regarding N.V.'s behavior. While N.V.'s mother reported that N.V. has problems getting along with family members, she notes that N.V. does have friends her own age and can make new friends; as well as "gets along with schoolteachers." *Id.* at 20. As further evidence of genuine consideration, the ALJ, noted that N.V. was having "anger outbursts, which can last more than an hour" and "include kicking, screaming, and hitting her sister." *Id.* at 23. However, the ALJ noted that though there is evidence of some behavioral issues, they found the evidence for a less than marked limitation in social interaction to be more persuasive. *Id.* at 26, 27.

Accordingly, we find that the ALJ appropriately based its decision on substantial evidence, and we affirm.

**B. There is Substantial Evidence Supporting the ALJ's Discussion and Evaluation of the Opinion of N.V.'s Psychiatrist, Physician J. Hermann, M.D.**

Plaintiff contends that the ALJ failed to properly assess the opinion of Physician J. Hermann, M.D. ECF 10 at 7-10. The court finds that there is substantial evidence to support the ALJ's discussion and evaluation of Dr. Hermann.

When evaluating the persuasiveness of an opinion the "ALJ must consider all the evidence and give some reason for discounting the evidence [he] rejects." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). An ALJ is free to reject a medical source opinion but in so doing must indicate

why evidence was rejected so that a reviewing court can determine whether "significant probative evidence was not credited or simply ignored." *Payne v. Kijakazi*, 2023 U.S. Dist. LEXIS 105975 (E.D.PA. June 20, 2023) (*quoting, Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2011)). An ALJ's decision does not need to recite every bit of evidence from the record, however it should consider all relevant evidence and "explain any conciliations and rejections." *Burnett v. Comm'r of Soc. Sec.,* 220 F.3d 112, 122 (3d Cir. 2000).

Prior to 2017, Social Security regulations divided medical sources into three categories: treating, examining, and non-examining. 20 C.F.R. § 404.1527. ALJs would then weigh each medical opinions and in some instances could afford controlling weight to opinions from treating sources. *Payne v. Kijakazi*, 2023 U.S. Dist. LEXIS 105975 (E.D.Pa. June 20, 2023). Under the new regulations, medical sources are not categorized and ALJ's can no longer afford controlling weight to any opinion. 20 C.F.R. § 404.1520(c)(a).

Presently, "ALJs now evaluate the persuasiveness of each medical opinion and each prior administrative medical finding." *See, Id.* Five factors determine persuasiveness: (1) supportability; (2) consistency; (3) relationship with the claimant, including length, purpose, and extent of the treatment relationship, as well as frequency of examinations and whether the medical source examined the claimant firsthand; (4) specialization; and (5) other factors, like "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520(c)(c).

Supportability and consistency are the most important factors. 20 C.F.R. § 404.1520(c)(b)(2). ALJ's must "explain how they considered the supportability and consistency factors," but an explanation is not required for the additional factors. *Id.* In regard to

supportability, "the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520(c)(c)(1). In regard to consistency, "the more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520(c)(c)(2).

Furthermore, the ALJ does not have to "use particular language or adhere to a particular format in conducting [its] analysis." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). Instead, the decision must be "read as a whole" to determine whether "there is sufficient development of findings to permit meaningful review." *Id.* (*quoting, Burnett*, 220 F.3d at 119-20).

In this case, the ALJ provided sufficient justification for its determination that the opinion of Jeffrey Hermann, M.D. was partially persuasive. First and foremost, the ALJ noted that Dr. Hermann determined that N.V. had marked limitations in the domain related to social interaction. ECF No. 9 at 30. However, as the ALJ notes, the opinion "merely provided a checklist with no explanation to support these findings". *Id.* The ALJ further noted that this finding, along with the checklist, was inconsistent with other evidence from the record. *Id.* For example, the ALJ noted that "the claimant's mother's reports that the claimant has friends, can make new friends, and generally gets along with schoolteachers." *Id.* It was also noted that the education records indicate a decline in academics since March 2020 when in-school instruction terminated, the claimant's full scale IQ of 86, the IEP recommending continued special education services for learning support, the claimant's mother's reports that the claimant does not shower or bathe daily

9

due to defiance, and the claimant's history of mental health treatment. *Id.* at 30, 837. This evidence, as cited by the ALJ, shows substantially that Dr. Hermann's evaluation was inconsistent with the record; and that the ALJ provided ample explanation for its determination. This is further bolstered because, as noted, Dr. Hermann provided no explanation for his determinations other than a checklist.

Furthermore, the ALJ noted that Dr. Hermann's opinion's do not align with the other professional opinions, such as those by Stacy Trogner, Psy.D. and John Gavazzi, Psy.D both of whom the ALJ found mostly persuasive *Id.* at 28-29. The ALJ credits specific evidence provided by both Dr. Trogner and Dr. Gavazzi which supports the ALJ's finding of mostly persuasive. *Id.* The ALJ's explanation of supportability and consistency regarding Dr. Trogner and Dr. Gavazzi's opinions are consistent with the ALJ's explanation regarding Dr. Hermann. However, Plaintiff does not contend the ALJ's findings of both Dr. Trogner and Dr. Gavazzi as "mostly persuasive."

The ALJ's treatment of Dr. Hermann's opinion is consistent with its treatment of the other medical professionals in this case. Accordingly, we find that the ALJ's discussion and evaluation of physician J. Hermann was based on substantial evidence, and we affirm.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Request for Review is denied. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge